Sneed, J.,
delivered tbe opinion of the court:
This bill is filed to reform a deed to a tract of land sold by tbe complainant to the defendant, Rowland Gooch, in December, 1866, and to subject tbe land to a lien for the payment of an alleged deficit in tbe purchase price, occasioned by a mistake in tbe survey, by which the parties contracted for tbe sale and purchase of 501 27-100 acres, whereas tbe tract contained a fraction more| than 541 acres. As tbe testimony impresses us, we think it is estab- *448 listed at the time of the negotiation for the sale of the land, neither the vendor nor the vendee knew the exact number of acres; that the price agreed was $20 per acre, and that the quantity of land was to be ascertained by actual survey, and that when so ascertained the deed and the notes were to be executed accordingly. The further fact appears that the complainant represented to the vendee that the tract contained, in his opinion, between 475 and 500 acres, and that the vendee agreed to buy on condition that the tract was not larger than thus represented, and at the price of $20 per acre. In a receipt executed by the complainant to the vendee for one thousand dollars, the cash payment, before survey and final consummation of the trade, the number of acres is stated at 450 acres, more or less.
This receipt was executed in August, 1866, when the parties first agreed to trade. A survey was had in December, following, when the surveyor reported the tract 1o contain 501 27-100 acres, and thereupon a deed was executed to Gooch, the vendee, reciting the consideration to be $10,022.50 — -it being at the rate of $20 per acre — describing the land by metes and bounds, and reciting that it contained, “by estimation, 501 27-100,” the vendee at the same time executing his notes to. the complainant for the price, except- the $1,000 already paid. The deed was executed on the 5th of December, 1866. About February, 1869, the defendant, Gooch, sold the land to the defendant, Timberlake, for other' property valued at about $10,-000, and in his deed to Timberlake, the said Gooch described the land precisely as the complainant’s deed to him had described it, concluding the description with a like recital as to quantity, “contaning, by estimation, 501 27-100 acres.”
This, sale and t-he execution of this deed were known to the complainant Hicks, and approved by him, and it appears, moreover, that he suggested to the parties to it to secure in it the defendant Gooch’s last purchase money *449 note to him, then unpaid, by expressing in the deed a reservation of a lieu for its payment — which was dome. It is established also that neither of the parties to' the litigation knew of any mistake in the survey of December, 1866, until after Gooch had sold, as aforesaid, the. entire tract of land to Timberlake, and made him a deed. The mistake was casually discovered, or rather suspected by Timberlake himself, after his purchase, while looking over the survey, and the complainant thereupon procured a new survey, which resulted in ascertaining the mistake, and under these circumstances he comes into.court to ask that the mistake be corrected and that he be paid for the forty acres the sum of $30 per acre, which he alleges is justly due him.
The specific prayer of the bill is that the deed be reformed so as to express the contract; that a lien be declared on the land in the possession of Timberlake and his ven-dees, White and J. 0. Gooch, and for such and further relief as the equity of the case demands.
The defendant Timberlake, and the vendees under him, rely upon the defense of innocent purchase without notice, and for a valuable consideration, while the gist of the defense set up in the answer of the defendant Gooch is comprehended in the following brief extract: “It was months after the title had passed out of respondent before any question was raised as to any supposed mistake as to' the amount conveyed. It is, therefore, submitted that if any mistake was made,.that the mistake having originated in complainant’s deed, which let respondent into the mistake, and respondent having innocently passed the title to- the land, in question to said Timberlake on the basis of the mistake, and derived no benefit from the mistake, is clear of all fault or blame, and he is advised he cannot, in law or equity, be held responsible to the complainant.” We think it is clear, upon the foregoing statement of the facts of the case, that tire complainant, as against Timberlake, or any one of his vendees named as such in the bill, can *450 have no relief. If we conclude that he has established his right to relief; yet the defendants as innocent purchasers having equal claims upon the protection of a court of equity to defend their possession, the court will not, under well settled rules, interpose on either side. It is said in argument, however, and the facts appear in proof, that the defendant Gooch had repurchased a portion of the land, and that the complainant’s equities, though lost as against the land by the sale of Timberlake, would reattach to such thereof as Gooch repurchased, and relief to this extent is asked against Gooch’s interest. It is said that "it is wholly immaterial of what nature the equity is, whether it is a lien, or an incumbrance, or a trust, or any other claim, for a bona fide purchase of an estate, for a valuable consideration, purges away the equity from the estate in the hands of all persons who may derive title under it, with the exception of the original party, whose conscience stands bound by the violation of his trust and meditated fraud. But, if the estate becomes revested in him, the original equity will re-attach to- it in his hands.” 1 Story Eq. Jur., sec. 410. Upon this principle, perhaps, the complainant might rest his case as against Gooch, if the facts brought the defendant Gooch within the- category contemplated. But a decisive answer to this question is found in the fact that no such case is made in the complainant’s bill, without reference to the real equities between the complainant and Gooch, which we will now proceed briefly to consider. There is, in this case, no violated trust or meditated fraud on the part of Gooch, but it is one of those cases in which one of two innocent persons must suffer, and it must be governed by that particular rule of courts of equity that the burden in such case must be thrown upon him by whose act-the mischief has been occasioned. Whatever a court of equity might do if the parties were in statu quo, or if they could be restored to their status quo, certainly the changed equities growing *451 out oí tbe transactions referred to, fnrnisb no ground to relieve the complainant in this case. Complainant has brought this loss upon himself. He honestly thought that he was selling a tract of land not exceeding 500 acres. Ho so represented the fact orally and in writing. The defendant, Gooch, was unwilling to take the tract at the price if it contained any more. With this understanding the survey was made, and resulted in the supposed ascertainment that the tract contained 501 acres, and the deed was accordingly made for that quantity of land by estimation, conveying the tract to Gooch by metes and bounds.
The defendant Gooch took no manner of advantage by his bargain in the alleged surplus, for he sold it to Timberlake by the same identical survey as the same quantity, with the- knowledge and approval of the complainant, and for a less sum of money than he had given for it. Is this a proper case for a personal decree against the defendant Gooch? Are not the equities equal, and will not a court of equity withhold its interference in such a case? 1 Story Eq. Jur., sec. 139. It is stated to be the well-defined and well-established rule upon this subject, that when the mistake is of so fundamental a character that the minds of the parties have never, in fact, met; or where an unconscionable advantage has been gained by mistake or misapprehension, and there was no gross negligence on the part of plaintiff, either in falling into the error, or in not sooner claiming redress, and no intervening rights have accrued, and the parties may still be placed in statu quo, equity will interpose in its discretion to prevent intolerable injustice. 1 Story Eq. Jur., sec. 138i. The party in such case seeking relief must not be guilty of laches. Id., 138g, note 2. It is certain that the defendant Gooch did not mean to contract to the extent to which he is now sought to be charged, and having been induced by the complainant’s misrepresentation to sell the land just as he bought it — taking no advantage by the sale, and to a party with *452 out notice, and against whom be is without remedy — a court of'equity will hold Mm to his misrepresentation. [Hudson v. King], 2 Heis., 569; [McCarty v. Kyle], 4 Cold., 349: [Phillips v. Hollister], 2 Cold., 269; 5 Jones’ Eq., 179. We hold that the complainant cannot have relief upon the case made by him, and we rest our decision upon the ground that by his own laches he has brought himself and the defendant into this dilemma, and as the latter cannot be restored to his status quo, and is without remedy, a court of equity cannot, in such a case, lend its aid to the complainant.
Affirm the decree.